UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN D. ELLIS and JOHN C. ELLIS, | |
| Plaintiff, | 3:11-cv-0473-LRH-VPC |
| v. | |
| WORLD SAVINGS BANK, FSB; et al., | ORDER |
| Defendants. | |

Before the court is defendant Wachovia Mortgage's ("Wachovia") motion for attorney's fees and costs. Doc. #22.[1]

**I.   Facts and Procedural History**

In March, 2006, plaintiffs purchased real property through a mortgage note and deed of trust originated by defendant Wachovia. Eventually, plaintiffs defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, plaintiffs filed a complaint against defendants for violation of Nevada's foreclosure laws. Doc. #1, Exhibit A. In response, Wachovia filed a motion to dismiss (Doc. #6) which was granted by the court (Doc. #20). Thereafter, Wachovia filed the present motion for attorney's fees and costs. Doc. #22.

---

[1] Refers to the court's docket entry number.

**II.     Discussion**

In its motion for attorney's fees, Wachovia argues that it is entitled to attorney's fees for two reasons: (1) because the repayment of attorney's fees is contemplated by the mortgage note signed by plaintiffs; and (2) because the plaintiffs brought and maintained this action without reasonable grounds. *See* Doc. #22. The court shall address both issues below.

Pursuant to the mortgage note signed by plaintiffs, plaintiffs agreed that Wachovia would have "the right to be paid back . . . for all of its costs and expenses in enforcing [the note] to the extent prohibited by applicable law. Those expenses may include, for example, reasonable attorney's fees and court costs." Doc. #22, Exhibit 1, p.4 Section 7(e). However, the court finds that the underlying complaint was based on defendants' alleged failures to comply with various state laws in pursuing the non-judicial foreclosure, rather than defendants' right to foreclose under the note. Thus, Wachovia did not incur attorney's fees in "enforcing" the note, because the note, itself, was not challenged. Therefore, the court finds that Wachovia is not entitled to attorney's fees under the mortgage note.

Wachovia further argues that attorney's fees are warranted under NRS 18.010(2) because plaintiffs maintained the underlying action in bad faith. Under Nevada law, a defendant that prevails in a dispositive motion may be awarded its attorney's fees if there is "evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." NRS 18.010. Although a court has discretion to award attorney's fees as a sanction pursuant to NRS 18.010, there must be evidence supporting the court's finding that the claim was unreasonable or brought to harass. *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009).

Here, the claims were based upon defendants' actions in pursuing the non-judicial foreclosure. The allegations in the complaint, although ultimately unsuccessful, were not entirely groundless. Further, there is insufficient evidence of unreasonableness or intent to harass. Therefore, the court declines to award attorney's fees under NRS 18.010.

Wachovia is also seeking its costs as the prevailing party in this action pursuant to NRS 18.020(3). *See* Doc. #22. Under that statute, an award of costs to a prevailing party is mandated as a matter of right. *See Bermann v. Boyce*, 856 P.2d 560, 566 (Nev. 1993). Further, pursuant to Local Rule 54-1(a), "[u]nless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs."

However, in seeking an award of costs, a prevailing party "shall serve and file bill of costs and disbursements on the form provided by the clerk no later than ten (10) days after the date of entry of judgment on decree." LR 54-1(a). Moreover, Local Rule 54-1(b) provides that the bill of costs "shall be verified and distinctly set forth each item so that its nature can be readily understood," and "state that the items are correct and that the services and disbursements have been actually and necessarily provided and made." This requires the prevailing party to attach an itemization and supporting documentation of requested costs.

Here, the court finds that Wachovia has failed to comply with the applicable local rules. Wachovia did not file its bill of costs with the court within the appropriate ten day time period. Further, Wachovia has failed to submit an appropriate itemization of costs with its present motion. Based upon Wachovia's failure to comply with the local rules, the court is not inclined to grant an award of costs at this time and shall deny the request for costs without prejudice.

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees and costs (Doc. #22) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE